IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-67,277-04






EX PARTE GEORGE DANIEL GRANT, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. F-93-41138-J IN THE CRIMINAL DISTRICT COURT NO. 3


FROM DALLAS COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure,
the clerk of the trial court transmitted to this Court this application for writ of habeas corpus. 
Ex parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of
aggravated sexual assault of a child and was sentenced to forty years' imprisonment. The
conviction and sentence were affirmed on direct appeal in an unpublished opinion. Grant v.
State, No. 05-08-01260-CR (Tex. App.-Dallas del. Aug. 20, 2010).


 Applicant raises numerous claims, including ineffective assistance complaints of trial
and appellate counsel. In his claims, Applicant has alleged facts that, if true, might entitle
him to relief. Strickland v. Washington, 466 U.S. 668 (1984); Ex parte Lemke, 13 S.W.3d
791,795-96 (Tex. Crim. App. 2000). The trial court entered a timely ODI, but the district
clerk was authorized to forward the writ application to this Court before any affidavits were
obtained, findings made, or issues resolved. In these circumstances, additional facts are
needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960),
the trial court is the appropriate forum for findings of fact. 

 The trial court shall obtain affidavits from Applicant's trial counsel and his appellate
counsel responding to the ineffective assistance of counsel claims and explaining applicable
trial or appellate strategy and tactical decisions. In addition to obtaining these affidavits, the
trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d) to resolve
disputed issues of fact. In the appropriate case, the trial court may rely on its personal
recollection. Id. If the trial court elects to hold a hearing, it shall determine whether applicant
is indigent. If applicant is indigent and wishes to be represented by counsel, the trial court
shall appoint an attorney to represent applicant at the hearing. Tex. Code Crim. Proc. art.
26.04. 

 The trial court shall make findings of fact as to whether the performance of
Applicant's trial counsel and his appellate counsel was deficient and, if so, whether the
deficient performance prejudiced Applicant. The trial court shall also make findings on
Applicant's remaining claims and may make any other findings of fact that it deems relevant
and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact
issues. The issues shall be resolved within 90 days of this order. If any continuances are
granted, a copy of the order granting the continuance shall be sent to this Court. A
supplemental transcript containing all affidavits and interrogatories or the transcription of the
court reporter's notes from any hearing or deposition, along with the trial court's
supplemental findings of fact, shall be returned to this Court within 120 days of the date of
this order. Any extensions of time shall be obtained from this Court. 




Filed: April 18, 2012

Do not publish